# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR ORTEGA-LIMONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-135-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Edgar Ortega-Limones was convicted of one count of illegal reentry into the United States and sentenced to serve an above-guidelines prison term of 60 months as well as a three-year term of supervised release. Now, he argues that his sentence is procedurally unreasonable because the district court did not explicitly address his argument for a below-guidelines sentence and did not adequately explain its choice to give an above-guidelines sentence. He further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the sentence is substantively unreasonable because it was greater than needed to achieve the sentencing aims of 18 U.S.C. § 3553(a).

We review sentences for reasonableness in light of the sentencing factors of § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Under the bifurcated review process of *Gall*, we first examine whether the district court committed procedural error. 552 U.S. at 51. When sentencing, a judge should give enough reasons to show "that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

If the sentence is procedurally reasonable, we then review it for substantive reasonableness in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51. In reviewing a non-guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A sentence is substantively unreasonable if it ignores a factor that should have been given considerable weight, gives considerable weight to an improper factor, or is the result of "a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted). The defendant's disagreement with the sentence selected by the district court does not warrant reversal. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see Gall*, 552 U.S. at 51.

The record shows that the district court gave due consideration to the § 3553(a) factors, including those emphasized by Ortega-Limones, before imposing sentence. Although it did not explicitly reject his arguments in favor of a below-guidelines sentence, it was not required to do so. *See Rita*, 551 U.S. at 359. Additionally, the district court's reasons show that it properly

grounded its choice of sentence in Ortega-Limones's history as well as the need for deterrence and protection of the public. Ortega-Limones has not shown that his sentence is procedurally unreasonable. *See Rita*, 551 U.S. at 359, 356; *Fraga*, 704 F.3d at 439.

He likewise has not shown that his sentence is substantively unreasonable. The record reveals no error in connection with the district court's consideration of sentencing factors. *See Chandler*, 732 F.3d at 437. Rather, the record shows that the district court considered the § 3553(a) factors and concluded that they counseled in favor of an above-guidelines sentence. Additionally, the sentence is similar to others this court has affirmed. *See Brantley*, 537 F.3d at 349-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). Ortega-Limones's arguments show no more than a disagreement with the district court's weighing of the § 3553(a) factors, which is not enough to show error. *See Ruiz*, 621 F.3d 390, 398. Finally, his challenge to 8 U.S.C. § 1326(b), which is grounded in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

AFFIRMED.